1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10 **WESTERN DIVISION**

11

12 MELIKE DEWEY, et al.,                     )        No. CV 18-9677-VBF (PLA)
                                            )
13               Plaintiffs,                )        **ORDER DENYING PLAINTIFFS'**
                                            )        **OBJECTIONS AND ACCEPTING**
14          v.                              )        **FINDINGS, CONCLUSIONS, AND**
                                            )        **RECOMMENDATIONS OF UNITED**
15 CITY OF LOS ANGELES, et al.,             )        **STATES MAGISTRATE JUDGE**
                                            )
16               Defendants.                )
   ─────────────────────────────────       )

17

18          On May 3, 2022, the Magistrate Judge assigned to this action issued a Final Report and

19 Recommendation.   (ECF No. 132; "Final R&R").   In the Final R&R, the Magistrate Judge

20 recommended that the Court grant the City's Motion for Summary Judgment (ECF No. 123) and

21 enter judgment in favor of the City.  Between May 5, 2022, and May 16, 2022, plaintiffs filed the

22 following documents (collectively referred to as "Plaintiffs' Objections"):

23    A.  "Declination to Magistrate Judge Jurisdiction," which cites only 28 U.S.C. § 636(c) (ECF No.

24        134);

25    B.  "Plaintiff's [sic] Objection to, and Rejection of Magistrate Judge Abrams' Final Report and

26        Recommendation . . . due to no allowance [sic] of a Magistrate Judge to decide on [sic]

27        Summary Judgments," citing only 28 U.S.C. §636(b)(1)(A), and arguing that a "Magistrate

28        Judge may not decide on [sic] Motions for Summary Judgments at all" (ECF No. 139);

1   C. "Plaintiffs' Leave [sic] to submit a Supplemental Opposition Supported by

2      Affidavit/Declaration of Melike Dewey, and [sic] Summary Judgment" (ECF No. 142;

3      "Request for Leave to Amend"), including a 7-page Declaration of Dewey dated May 11,

4      2022 (ECF No. 142-1), four attached exhibits (ECF Nos. 142-2 to 142-5), and "Plaintiffs'

5      Summary Judgment," a 2-page document in the form of a proposed order (ECF No. 142-6);

6      and

7   D. "Plaintiffs' Opposition to Magistrate Judge Abrams' Final R&R," which is "supported" by a

8      6-page Declaration of Dewey dated May 16, 2022 (ECF No. 144, No. 144-1).[1]

9   On May 26, 2022, the City filed a Response to Plaintiffs' Objections arguing that the Objections

10  provide no reason to alter the Magistrate Judge's recommendations.  (ECF No. 146; "Response").

11      Pursuant to 28 U.S.C. § 636, the Court has reviewed the file herein, the Magistrate Judge's

12  Final Report and Recommendation, Plaintiffs' Objections, and Defendant's Response.  The Court

13  has engaged in a de novo review of those portions of the Final R&R to which plaintiffs have raised

14  specific objections.  For the reasons set forth below, the Court denies Plaintiffs' Objections and

15  Request for Leave to Amend and accepts the recommendations of the Magistrate Judge.

16      Initially, in their Objections, plaintiffs incorrectly argue that it is beyond the authority of a

17  magistrate judge to conduct proceedings in connection with a motion for summary judgment and

18  submit proposed findings of fact and recommendations to a district judge to resolve such a motion.

19  (ECF No. 134 (purporting to "decline" to have a magistrate judge conduct proceedings); ECF No.

20  139; ECF No. 144 at 1).  Plaintiffs contend that a magistrate judge "may not decide on [sic]

21  Motions for Summary Judgments at all" (ECF No. 139 at 2) and "has no authority to decide upon

22  [sic] summary judgments" (ECF No. 144 at 1).  To the contrary, § 636(b)(1)(B) of the Federal

23  Rules of Civil Procedure provides that "a judge may also designate a magistrate judge" to submit

24  "proposed findings of fact and recommendations for the disposition" of motions for summary

25

26      [1]   On April 29, 2022, just prior to the issuance of the Final Report and Recommendation,
      plaintiffs also filed a one page "Request for Sanctions" (ECF No. 128), in which plaintiffs contend

27      that defendants "attempt to divert Court's attention again with irrelevant material." The Court
      disagrees with plaintiffs' assessment.

28

1   judgment.  See, e.g., United States v. Reyna-Tapia, 328 F.3d 1114, 1118 (9th Cir. 2003) (en banc)

2   (noting that "certain matters (for example, non-dispositive pretrial matters) may be referred to a

3   magistrate judge for decision, while certain other matters (such as case-dispositive motions [and]

4   petitions for writs of habeas corpus) may be referred only for evidentiary hearing, proposed

5   findings, and recommendations.").

6         Accordingly, plaintiffs have no grounds or legal basis upon which to object to the statutory

7   authority of a district judge to delegate various non-dispositive responsibilities to a magistrate

8   judge when such delegation is within the scope of the Federal Magistrates Act, 28 U.S.C. §§ 631-

9   39.  See, e.g., Contreras v. Davis, 2022 U.S. Dist. Lexis 88496, at *4, 2022 WL 1555363 (E.D.

10   Cal. May 17, 2022) ("A party to litigation has no power to interfere with a district judge's statutory

11   authority to delegate various responsibilities to magistrates [sic] as long as the delegation is within

12   the confines of the Federal Magistrates Act.").  In this action, the Court referred the case to the

13   Magistrate Judge for consideration of preliminary matters and for the preparation of a report and

14   recommendation regarding the final disposition of the case.  (See ECF No. 4).  In conducting

15   proceedings in preparation for, and in the issuance of, the Final R&R, the Magistrate Judge has

16   not acted outside the authority of the Federal Magistrates Act.

17         Second, in Plaintiffs' Objections, plaintiffs appear to be seeking leave to amend to assert

18   new claims that are unrelated to the claims that are resolved in the Final R&R and do not pertain

19   to claims that have previously been raised by plaintiffs during the more than three years of

20   litigation in this action.  Further, in their Objections, plaintiffs primarily reiterate arguments

21   addressed in the Final R&R and do not point to any new and potentially admissible evidence to

22   raise a genuine dispute as to any of the City's undisputed material facts or to show that the City's

23   sewer lines have caused damage to the subject property ("Property").  As set forth in the Final

24   R&R, plaintiffs cannot defeat the City's Motion by relying on conclusory allegations that are

25   unsupported by non-speculative evidence of particular facts. See, e.g., Cafasso v. Gen. Dynamics

26   C4 Sys., 637 F.3d 1047, 1061 (9th Cir. 2011).  The Court finds that plaintiffs have failed to raise

27   any argument or point to any potentially admissible evidence of a new fact that has caused the

28   Court to question the findings and recommendations in the Final R&R.

1    Third, the filing entitled "Plaintiffs' Leave to submit a Supplemental Opposition" appears to

2    be, instead, seeking leave to file a third amended complaint to raise claims arising from facts that

3    have not previously been alleged in this action. The alleged "facts" are not relevant to any of

4    defendant's undisputed material facts. (See ECF No. 142).  Plaintiffs confusingly argue that they

5    are entitled to file a "Supplemental Opposition in accordance with FRCP [sic] 15(a) and 15(d)" (*id.*

6    at 1-2, 4), and they cite Rules 12(b), 12(c), 12(d), and 12(e) of the Federal Rules of Civil

7    Procedure (*id.* at 3).    However, Rule 15 of the Federal Rules of Civil Procedure concerns

8    amendments and supplements to **pleadings**, and Rule 12 concerns defenses to a pleading,

9    motions for a more definite statement, and motions for judgment on the pleadings.  These Rules

10   have no relevance to Plaintiffs' Objections to the Final R&R, which  makes recommendations

11   concerning the City's Motion for Summary Judgment.  Plaintiffs also assert that they will "provide

12   additional evidence that were [sic] discovered after the submission" of the Second Amended

13   Complaint ("SAC"), the operative pleading in this action.  (*Id.* at 2).  To support their Objections,

14   however, plaintiffs point to a 2017 "Vitrified Clay Pipe Engineering Manual." (*Id.* at 4-5).  Plaintiffs

15   previously attached this document as an exhibit (ECF No. 125-2) to Plaintiffs' Opposition to the

16   City's Motion, and the Final R&R sustains defendant's objections to the Manual in its entirety as

17   irrelevant.  (See ECF No. 132 at 11-12).

18       In Plaintiffs' Objections, plaintiffs merely repeat arguments already addressed in the Final

19   R&R and point to an unspecified declaration of plaintiff Dewey.  (ECF No. 142 at 4-5).  Plaintiffs

20   have failed to point to any new evidence to refute the finding in the Final R&R that plaintiff Dewey

21   does not possess the necessary "specialized knowledge" to offer an expert opinion on the

22   relevance of this exhibit, and plaintiffs have pointed to no new evidence from a professional

23   engineer with applicable specialized knowledge to show the relevance of the Manual in disputing

24   any of the City's undisputed material facts.  The Court also sustains defendant's objections (ECF

25   No. 146 at 19-24) to the two new declarations filed by plaintiff Dewey (ECF No. 142-1, No. 144-1)

26   on the grounds that, as previously found by the Magistrate Judge, plaintiff Dewey has failed to

27   show that she has the "specialized knowledge" to permit her to offer an expert opinion pursuant

28   to Rule 702 on any scientific, technical, or other specialized matters.  Plaintiff Dewey's "common

1   sense" (ECF No. 144 at 8, 11) does not qualify her as an expert on any relevant matter.  Further,

2   the two declarations largely reiterate many of the arguments already rejected in the Final R&R.

3           Plaintiffs also argue that plaintiff Dewey has conducted a "search" concerning constitutional

4   law, "eminent domain," and the Los Angeles Municipal Code, and her "search" found no public

5   hearings pertaining to the City's acquisition of easements prior to installation of sewer pipes near

6   the Property in the 1920s.  (*Id.* at 5-8).  None of these issues raises a specific objection to the

7   Final R&R or purports to dispute any material fact, and plaintiffs do not provide good cause for

8   their failure to conduct such "searches" prior to filing their Opposition to the City's Motion in

9   January 2022.  Moreover, the issues discussed by plaintiffs in this filing do not appear to be

10  relevant to any claim remaining in the operative pleading in this action.  Construing this filing

11  liberally as seeking leave to file a supplemental opposition to the City's Motion, plaintiffs have

12  failed to shown that an extension of time would allow them to adduce any potentially relevant

13  evidence to dispute any of the City's undisputed material facts.  Nor have plaintiffs set forth facts

14  showing that the "additional evidence" they contend they "discovered after the submission" of the

15  SAC (ECF No. 142 at 2) was unavailable to them prior to the submission of their Opposition to the

16  City's Motion.  Accordingly, plaintiffs' request for an extension of time to file a supplemental

17  opposition is denied.

18          To the extent that plaintiffs are seeking leave to file an amended complaint to add new Fifth

19  Amendment claims arising from an alleged regulatory taking arising from one or more provisions

20  of the Los Angeles Municipal Code, plaintiffs do not purport to argue that they were prevented

21  from raising such claims at the time they filed their Complaint, First Amended Complaint, or

22  Second Amended Complaint in this action.  Discovery in this action closed on September 9, 2021,

23  and the cut-off date for substantive motions was October 12, 2021.  (ECF No. 103).  Plaintiffs

24  failed to file a timely motion seeking an extension of time in which to conduct additional research

25  related to the new claims that they now argue they should be permitted to allege in an action that

26  has been ongoing for nearly three and one-half years.  Finally, to the extent that plaintiffs may be

27  contending that, until the time they filed their Objections, they were unaware of facts giving rise

28  to claims pertaining to the installation of sewer lines that occurred prior to plaintiffs' acquisition of

the Property in 2002 (see ECF No. 142 at 6-8), plaintiffs have no standing to raise claims seeking compensation for injuries that allegedly occurred prior to their ownership of the Property.  A plaintiff "bears the burden of establishing" standing.  Spokeo, Inc. v. Robins, 578 U.S. 330, 338, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016); Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).  In order to establish Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable court decision." Spokeo, Inc., 578 U.S. at 338.  The injury must be "concrete and particularized," as well as "actual or imminent, not conjectural or hypothetical." Id. at 339 (quoting Lujan, 504 U.S. at 560).  Here, plaintiffs cannot show that they personally suffered a "concrete and particularized" injury from an allegedly unconstitutional taking of property that they did not own when the alleged taking took place.

Plaintiffs have already been provided with two opportunities to amend the pleading that was initially filed by plaintiff Dewey on November 16, 2018.  (ECF No. 1).  The operative pleading, the Second Amended Complaint, was filed on March 25, 2000.  (ECF No. 69).  Plaintiffs failed to seek leave to amend to allege new causes of actions prior to the October 12, 2021, motion cut-off date, and they did not set forth good cause in their Request for Leave to Amend for their failure to learn the facts that they now wish to add prior to that cut-off date.  (See ECF No. 103).  Plaintiffs' untimely request for leave to amend to add claims and facts not germane to the Magistrate Judge's Final R&R at this extremely late stage in the litigation appears to be an attempt to circumvent the granting of summary judgment to the City.  Plaintiffs' Objections do not rectify their failure to adduce potentially admissible evidence to dispute the City's undisputed material facts.  As set forth above, even if granted permission to file an amended pleading,[2] such amendment would be futile because plaintiffs lack standing to raise any claims arising from injury to the Property that occurred prior to plaintiffs' acquisition of the Property in 2002.  Accordingly, plaintiffs' request for leave to amend the SAC is denied as futile.  See, e.g., Gonzalez v. Planned

---

[2]  The Court additionally notes that plaintiffs have failed to comply with the requirement of L.R. 15-1 that a proposed amended pleading be lodged along with a motion seeking leave to amend.

1   Parenthood of L.A., 759 F.3d 1112, 1114, 1116 (9th Cir. 2014) (explaining that a "district court's

2   discretion in denying amendment is particularly broad when it has previously given leave to

3   amend"); Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034,1041 (9th Cir. 2011)

4   (dismissal without leave to amend is proper when amendment would be futile); Chaset v.

5   Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1088 (9th Cir. 2002) (denial of leave to amend is not an

6   abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment).

7          Fourth, to the extent that the attachment entitled "Plaintiffs' Summary Judgment" (ECF No.

8   142-6), which fails to comply with Rule 56 of the Federal Rules of Civil Procedure and L.R. 56-1,

9   can be liberally construed as a motion seeking summary judgment on a Fifth Amendment claim

10  other than that addressed in the City's pending Motion, the extended deadline for filing summary

11  judgment motions passed on January 4, 2022.  (See ECF Nos. 122, 130).  Plaintiffs have failed

12  to show good cause for the untimely filing of such a "motion," and it is rejected as untimely.

13         Fifth, to the extent that plaintiffs are purporting to object to the Final R&R on the grounds

14  that the Magistrate Judge is biased against them (see ECF No. 144 at 1 (Final R&R is a "one-

15  sided opinion discriminately [sic] towards the advantage" of the City), at 2 (Judge Abrams "conflicts

16  with the Codes of Conduct for the United States Judges"); at 4 (Final R&R "is a 21-page repeated

17  Defendant's argument"); at 5 ("Abrams is biased against the Plaintiffs")), plaintiffs point to no

18  evidence, and the record reflects no evidence, of judicial bias by Magistrate Judge Abrams.

19  Rather, plaintiffs distort statements made in the Final R&R to support their conclusory assertion

20  of bias by, e.g., arguing that they were discriminated against when Judge Abrams cited the

21  number of pages and exhibits adduced by plaintiffs in their Opposition while ignoring the fact that

22  the total number of pages filed by the City in connection with their Motion exceeds that filed by

23  plaintiffs.  (See ECF No. 144 at 5).  Judge Abrams, however, explains in the Final R&R that he

24  liberally construed plaintiffs' Opposition and reviewed all of plaintiffs' exhibits and declarations

25  despite plaintiffs' failure to follow the requirement of Rule 56 that a party opposing a summary

26  judgment motion cite to "particular parts of materials in the record."  Fed. R. Civ. P. 56; ECF No.

27  132 at 9 & n.1.  Pro se litigants who are not incarcerated are required to comply with summary

28  judgment rules.  See Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) ("an ordinary pro

*se* litigant, like other litigants, must comply strictly with the summary judgment rules"). Here, Judge Abrams has embraced his obligation to liberally construe the documents that plaintiffs filed in connection with their Opposition despite plaintiffs' failure to comply with summary judgment rules. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Plaintiffs' dissatisfaction with the rulings of a judicial officer is insufficient to raise an inference of bias. See, e.g., Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); Taylor v. Regents of the Univ. of Cal., 993 F.2d 710, 712 (9th Cir. 1993) (adverse rulings alone are insufficient to demonstrate judicial bias). As the Court has previously admonished plaintiffs, their belief that the Magistrate Judge erred in deciding a motion is not an adequate basis to seek relief from such ruling. See, e.g., Camillo-Amisano v. Fed. Bureau of Prisons, 2019 WL 9044604, at *1 (C.D. Cal. Dec. 6, 2019); Yang Ming Marine Transp. Corp. v. Oceanbridge Shipping Int'l, Inc., 48 F. Supp. 2d 1049, 1057 (C.D. Cal. 1999) ("a mere attempt" by a party to "reargue its position" is not grounds to reconsideration a decision). (See ECF Nos. 87, 101).

Plaintiffs' Objections altogether fail to demonstrate that any potentially admissible evidence exists to show that the sewer lines have leaked. Defendants are entitled to summary judgment on the remaining claims in this action because plaintiffs have failed to adduce any potentially admissible evidence to dispute any of the City's undisputed material facts

ACCORDINGLY, IT IS ORDERED:

1. The Final Report and Recommendation is **accepted**.

2. Defendant's Motion for Summary Judgment (ECF No. 123) is **granted**.

3. Plaintiffs' Request for Sanctions (ECF No. 128) is **denied**.

4. Plaintiffs' Requests for Leave to File Supplemental Opposition and Leave to File an Amended Pleading (ECF No. 142) are **denied**.

5. "Plaintiffs' Summary Judgment" (ECF No. 142-6) is **denied**.

/

/

/

6. Judgment shall be entered in favor of the City of Los Angeles, consistent with this Order and the action shall be **dismissed with prejudice**.

7. The Court clerk is **directed** to serve this Order and the Judgment on all counsel or parties of record.

DATED:  June 14, 2022                                  /s/ Valerie Baker Fairbank
_____

HONORABLE VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE